| | |
|---|---|
| 1 | |
| 2 | IN THE UNITED STATES DISTRICT COURT |
| 3 | FOR THE NORTHERN DISTRICT OF CALIFORNIA |

JUMAH THOMAS MOORE-ALI (a.k.a. JUMAH ALI-THOMAS MOORE),
    Plaintiff,

v.

EDWARD CADEN, et al.,
    Defendants.
                                    /

No. C 05-03202 SBA (PR)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE TO FILING A MOTION TO REOPEN UPON PAYING FULL FILING FEE**

    Plaintiff, a state prisoner and frequent litigant in this Court, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He also seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

    The Prison Litigation Reform Act of 1995 (PLRA) was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

    For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes. See id. Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant

information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id.

<u>Andrews</u> requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. Id. <u>Andrews</u> implicitly allows the Court to raise the § 1915(g) problem <u>sua sponte</u>, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. <u>See</u> id. at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Plaintiff's prior prisoner actions in this Court reveals that Plaintiff has had at least four such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. In one of Plaintiff's previous actions before this Court, Case No. C 04-0814 SBA (PR), Defendants gave Plaintiff notice that the following dismissals may be counted as dismissals for purposes of § 1915(g): (1) <u>Moore v. McElheney, et al.</u>, No. S-01-2003 GEB DAD P (E.D. Cal. Dec. 20, 2001) (civil rights action dismissed for failure to state a claim upon which relief may be granted); (2) <u>Moore v. Twomey</u>, No. S-01-2180 FCD DAD P (E.D. Cal. July 15, 2002) (same); (3) <u>Moore v. County of Sacramento, et al.</u>, No. S-02-0176 FCD PAN P (E.D. Cal. Dec. 16, 2003) (same);[1] and (4) <u>Moore v. Rimmer, et al.</u>, No. S-04-0314 MCE DAD P (E.D. Cal. Dec. 15, 2005) (same). In Case No. C 04-0814 SBA (PR), Plaintiff had the opportunity to respond to the aforementioned dismissals the Court could consider to support a § 1915(g) dismissal. Plaintiff did not dispute that two of his prior lawsuits, Case Nos. S-01-2003 GEB DAD P and S-02-0176 FCD PAN P -- both dismissed for failure to state a claim -- count as "strikes." (Pl.'s Opp'n in Case No. C 04-0814 SBA (PR) at 6-7.) As to Case No.

---

[1] Both parties incorrectly refer to this case as Case No. S-*01*-0176 FCD PAN P; however, the record shows that the correct case number is Case No. S-*02*-0176 FCD PAN P. (Defs.' Mot. to Dismiss, Ex. C.) Because both the Dismissal Order as well as the Findings and Recommendations from the Eastern District in Case No. S-02-0176 FCD PAN P were attached to Defendants' motion and supplied to Plaintiff, the Court finds that both parties were referring to Case No. S-02-0176 FCD PAN P whenever they referred to "Case No. S-01-0176 FCD PAN P" in their briefs.

1  S-01-2180 FCD DAD P, Plaintiff argued that the claim was dismissed "in order for plaintiff to first
2  receive a favorable result in his criminal petition for writ of habeas corpus." (Id. at 6.)  However, a
3  review of the magistrate judge's findings and recommendations, which were adopted in full in the
4  district court's Dismissal Order, do not make any mention of such a reason.  (Defs.' Mot. to Dismiss
5  in Case No. C 04-0814 SBA (PR), Ex. B.)  In fact, the Dismissal Order states, "This action is
6  dismissed without prejudice for failure to state a claim upon which relief can be granted." (Id.)
7  Although this Court has listed four dismissals, only three prior dismissals need qualify under
8  § 1915(g).  Therefore, even without considering the fourth case, Case No. S-04-0314 MCE DAD P,
9  Plaintiff's three dismissals in Case Nos. S-01-2003 GEB DAD P, S-02-0176 FCD PAN P and S-01-
10 2180 FCD DAD P may be counted as dismissals for purposes of § 1915(g).

11 Plaintiff therefore may proceed IFP only if he is seeking relief from a danger of serious
12 physical injury which is "imminent" at the time of filing.  See Abdul-Akbar v. McKelvie, 239 F.3d
13 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999);
14 Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir.
15 1998).  He is not.  In view of this, Plaintiff's request to proceed in forma pauperis accordingly is
16 DENIED.

17 The Court finds that, pursuant to Andrews, 398 F.3d at 1121, Plaintiff has been given notice
18 of the potential applicability of § 1915(g) by Defendants in their motion requesting the Court to
19 revoke Plaintiff's IFP status filed in Case No. C 04-0814 SBA (PR).  As mentioned above, Plaintiff
20 has responded by filing an opposition to Defendants' motion in Case No. C 04-0814 SBA (PR);
21 however, he has failed to meet his burden of showing that § 1915(g) does not bar pauper status for
22 him.  Therefore, a dismissal under § 1915(g) is proper because Plaintiff has had an opportunity to be
23 heard on the matter before dismissing the action.  See id. at 1120.

## CONCLUSION

25 Plaintiff's request to proceed in forma pauperis is DENIED.  This action is hereby
26 DISMISSED without prejudice to Plaintiff's filing a motion to reopen no later than **thirty (30) days**

1  from the date of this Order accompanied by the full filing fee of $250.00.[2]  See 28 U.S.C. § 1915(g).

2  The Clerk of the Court shall close the file.

3      This Order terminates Docket no. 2.

4      IT IS SO ORDERED.

5  DATED: 1/15/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[2] The Court notes that this action was filed on August 8, 2005. The requisite filing fee at that time was $250.00, and it did not increase to $350.00 until April 9, 2006.

P:\PRO-SE\SBA\CR.05\Moore3202.1915g-DISMISS.wpd            4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOORE-ALI,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CADEN et al,<br><br>　　　　　Defendant.　　　　　　　／ | Case Number: CV05-03202 SBA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 16, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Jumah Thomas Moore-Ali D-62389
Pelican Bay State Prison
P.O. Box 3030
Crescenty City, CA 95532

Dated: January 16, 2008
　　　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　　　　　　By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.05\Moore3202.1915g-DISMISS.wpd